UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>O'REILLY AUTOMOTIVE STORES, )<br>INC. and O'REILLY AUTOMOTIVE )<br>INC., )<br>Defendants. ) | Case No. CIV-23-1026-R |

## ORDER

On October 23, 2024, Defendant O'Reilly Automotive Inc. filed a Motion for Partial Summary Judgment [Doc. No. 20]. Plaintiff did not timely respond to the motion. Instead, on November 13, 2024, Plaintiff filed a document titled "Dismissal Without Prejudice of Defendant O'Reilly Automative, Inc." [Doc. No. 25].

Federal Rule of Civil Procedure 41 "is the proper mechanism by which to dismiss all claims against one defendant." *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 1793388, at *3 (N.D. Okla. May 11, 2011). Under this Rule, the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, the plaintiff may file a stipulation of dismissal signed by all parties who have appeared or file a motion seeking a court order of dismissal. *Id.* at § (a)(1)(A)(ii); § (a)(2).

Plaintiff's filing does not appear to comply with Rule 41's requirements and is therefore not self-executing. Accordingly, unless Plaintiff promptly files a proper stipulation of dismissal or a motion seeking dismissal, the Court will consider Defendant's Motion for Partial Summary Judgment as still pending for disposition.

IT IS SO ORDERED this 18th day of November 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE